**EXHIBIT A**

**HOFFMAN DIMUZIO**
Michael W. Glaze, Esquire
Attorney I.D.#: 026751994
25-35 Hunter Street, P.O. Box 7
Woodbury, NJ 08096
(856) 845-8243
Attorney for Plaintiff

| | |
|---|---|
| SUZANNE TAYLOR, | : SUPERIOR COURT OF NEW JERSEY |
| | : GLOUCESTER COUNTY |
| Plaintiff | : LAW DIVISION |
| | : |
| vs. | : DOCKET NO. |
| | : |
| SAFAR MAMADOV SHOKIR and/or | :     CIVIL ACTION |
| JOHN DOE 1-10 (fictitious individual) | : |
| and/or ZNS CARGO, INC. and/or ABC | : |
| CORP. 1-10 (fictitious entity) and/or XYZ | : |
| CORP. 1-10 (fictitious entity), and/or | : |
| DAVID MAYO and/or ROBERT ROE 1-10 | : |
| (fictitious individual), j/s/a | : **COMPLAINT WITH JURY DEMAND** |
| | : |
| Defendants | : |

Plaintiff, Suzanne Taylor, residing at 105 Adams Ave, Mantua, New Jersey, by way of Complaint against the defendants, says that:

### FIRST COUNT

1. On or about 5/3/19, Plaintiff Suzanne Taylor was a passenger in a vehicle operated by David Mayo, traveling on I-295 north on the ramp for Route 42 in Camden County, NJ.

2. At the time and place aforesaid, Defendant Safar Mamadov Shokir and/or John Doe 1-10, a fictitious individual whose identity cannot be ascertained at this time, was operating a commercial vehicle on I-295 north on the ramp for Route 42 in Camden County, NJ.

3. At the time and place aforesaid, the commercial vehicle operated by Defendant Safar Mamdov Shokir and/or John Doe 1-10 left its lane of travel and hit the passenger side of the vehicle in which Plaintiff Suzanne Taylor was a passenger.

4. At all times relevant hereto, Defendant Safar Mamadov Shokir and/or John Doe 1-10, was negligent in the operation of his commercial vehicle in that he failed to maintain his lane of

travel; failed to maintain proper control of his vehicle; failed to maintain proper observations of surrounding traffic; failed to yield the right of way to favored vehicles; and was otherwise negligent, inattentive, and/or careless, which negligence caused his commercial vehicle to leave its lane of travel and hit the passenger side of the vehicle in which Plaintiff Suzanne Taylor was a passenger.

5. As a direct and proximate result of the negligence of Defendant Safar Mamadov Shokir and/or John Doe 1-10, as aforesaid, Plaintiff Suzanne Taylor suffered, and shall continue to suffer in the future, severe and painful bodily injuries, which injuries caused and shall continue to cause plaintiff great pain and suffering, incapacitated and shall continue to incapacitate plaintiff from her usual work and activities, necessitated and shall continue to necessitate Plaintiff receiving medical treatment, which caused and shall continue to cause economic damage much to her financial detriment, and which has caused Plaintiff permanent injury.

**WHEREFORE**, Plaintiff Suzanne Taylor demands Judgment against Defendant Safar Mamadov Shokir and/or John Doe 1-10, for reasonable compensatory damages, and economic loss together with interest, attorney's fees and costs of suit.

## SECOND COUNT

1. Plaintiff Suzanne Taylor repeats the allegations of the First Count and incorporates same into this Count as if fully set forth at length herein.

2. At all relevant times hereto, Defendant Safar Mamadov Shokir and/or John Doe 1-10, was acting as the agent, servant, and/or employee of Defendant ZNS Cargo, Inc. and/or ABC Corp. 1-10, a fictitious entity whose identity cannot be ascertained at this time, and/or XYZ Corp. 1-10, a fictitious entity whose identity cannot be ascertained at this time.

3. At all relevant times hereto Defendant Safar Mamadov Shokir and/or John Doe 1-10, was operating his vehicle at the direction of and for the benefit of Defendant ZNS Cargo, Inc. and/or ABC Corp. 1- 10 and/or XYZ Corp. 1-10.

4. Defendant ZNS Cargo, Inc. and/or ABC Corp. 1-10 and/or XYZ Corp. 1-10 is vicariously liable for the negligent acts committed by Defendant Safar Mamadov Shokir and/or John Doe 1-10.

**WHEREFORE**, Plaintiff Suzanne Taylor demands Judgment against Defendant ZNS Cargo and/or ABC Corp. 1-10 and/or XYZ Corp. 1-10, for reasonable compensatory damages, and economic loss together with interest, attorney's fees and costs of suit.

### THIRD COUNT

1. Plaintiff Suzanne Taylor repeats the allegations of the First and Second Counts and incorporates same into this Count as if fully set forth at length herein.

2. Defendant David Mayo and/or Robert Roe 1-10, a fictitious individual whose identity cannot be ascertained at this time, is joined to this litigation as a person of interest.

3. Plaintiff Suzanne Taylor does not allege that Defendant David Mayo was negligent in causing the aforementioned accident, but, based upon the nature of the collision, Plaintiff anticipates that Defendant Safar Mamadov Shokir and/or John Doe 1-10 and/or Defendant ZNS Cargo, Inc. and/or ABC Corp. 1-10 and/or XYZ Corp. 1-10, may allege acts of negligence as to Defendant David Mayo and/or Robert Roe 1-10, which a jury may accept as true.

**WHEREFORE**, Plaintiff Suzanne Taylor would demand Judgment against Defendant David Mayo and/or Robert Roe 1-10 for reasonable compensatory damages, and economic loss together with interest, attorney's fees and costs of suit.

### FOURTH COUNT

1. Plaintiff Suzanne Taylor repeats the allegations of the First through Third Counts and incorporates same into this Count as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Suzanne Taylor demands Judgment against Defendants Safar Mamadov Shokir and/or John Doe 1-10 and/or ZNS Cargo, Inc. and/or ABC Corp. 1-10 and/or XYZ Corp. 1-10 and/or David Mayo and/or Robert Roe 1-10, for reasonable compensatory damages, and economic loss together with interest, attorney's fees and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Michael W. Glaze is designated as trial counsel.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of law and fact.

### CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that the above action is not the subject of any lawsuit or arbitration proceeding, and that there are no other persons interested in the above action who have not been made a party to said action.

### NOTICE PURSUANT TO RULES 4:17-1, -2 and -4

**TAKE NOTICE** that upon the service of this Complaint on any and all defendants, it is deemed to have been simultaneously served with the appropriate Uniform Interrogatories and answers to these Uniform Interrogatories shall be served to the propounding party within 60 days after the Answer to the Complaint has been filed. Plaintiff, Suzanne M. Taylor hereby demands responsive answers to Form C and Form C1 Interrogatories within the time prescribed by the above-referenced New Jersey Court Rules from all defendants.

### NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

**TAKE NOTICE** that the undersigned attorneys, counsel for plaintiff, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers, and other material referred to therein, upon the undersigned attorneys, and **TAKE NOTICE** that this is a continuing demand.

                                          HOFFMAN DiMUZIO
                                          Attorneys for Plaintiff

DATED: 4/16/21                 *Michael W. Glaze*
                                          MICHAEL W. GLAZE, ESQ.

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000417-21**

**Case Caption:** TAYLOR SUZANNE VS MAMADOV SHOKIR SAFAR
**Case Initiation Date:** 04/14/2021
**Attorney Name:** MICHAEL W GLAZE
**Firm Name:** HOFFMAN DI MUZIO
**Address:** 35 HUNTER ST PO BOX 7 WOODBURY NJ 080967007
**Phone:** 8568458243
**Name of Party:** PLAINTIFF : TAYLOR, SUZANNE
**Name of Defendant's Primary Insurance Company (if known):** PROGRESSIVE CASUALTYINS CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: SUZANNE TAYLOR?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/14/2021                                                                                          /s/ MICHAEL W GLAZE
Dated                                                                                                              Signed